IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00576-DDD-NRN

Karen Stanford,

Plaintiff,

v.

C. R. BARD, Inc., and Bard Peripheral Vascular, Inc.

Defendants.

---

**PLAINTIFF KAREN STANFORD'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Karen Stanford, by and through her attorneys, Michael J. Ogborn, and DJ Marcus of Ogborn Mihm LLP, hereby submits this Response to Defendant's Motion for Summary Judgment and states as follows:

## INTRODUCTION

Plaintiff filed this matter to recover for the pain she has suffered because of Defendants C.R. BARD, Inc. and Bard Peripheral Vascular, Inc.'s ("Defendants") defective Eclipse IVC filter. Juries have found Defendants' IVC filters, specifically its G2 and Eclipse models, to be defective. See *In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX-DGC, 2021 WL 1616101, at *7-9 (D. Ariz. Apr. 26,

1

2021) (summarizing *Booker*, No. CV-16-00474.). The verdict was upheld on appeal. *Id.*

Plaintiff's filter was implanted in 2013, but she did not receive medical advice informing her that her Bard IVC filter was causing her excruciating pain until she underwent a CT scan of her abdomen in Alaska on February 28, 2019, less than two years before she filed suit.

Defendants rely on confusing deposition questions in support of their motion, some of which were subject to objections they omitted from their citation to the transcript. ECF 43, Statement of Facts, ¶ 2, cutting off the citation right before Plaintiff's counsel objected to the question at ECF 43-1, 11:11-16. Other questions on which Defendants rely remain subject to unresolved objections to the form of the question. ECF 43, Statement of Facts, ¶ 3, citing ECF 43-1, 42:7-43:17, objection at 43:2. They also impermissibly rely on favorable inferences drawn from facts, as discussed below.

Defendants argue only that the statute of limitations bars Plaintiff's claims because she had actual knowledge of both her injuries and their cause more than two years before filing. They make no argument that she should have known.

It is improper to award summary judgment on this record and at this stage of the case. The Court should deny the motion.

## RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Admit.

2. Deny that Plaintiff realized within one year of implantation that her pain was caused by the Bard IVC filter. Exhibit 1, *Affidavit of Karen Stanford*, generally, *Id.* at ¶ 5, and Ex. Aff. 1, Correction Sheet. Admit to experiencing perforation, extreme back pain, extreme leg pain, depression, and anxiety but deny that she began attributing them to the Bard IVC filter in July, 2013. *Id.* ¶¶ 6-8.

3. Deny that Plaintiff attributed pain to the Bard IVC filter in 2013 and 2014. *Id.*, ¶ 8. Admit the pain from the IVC filter feels different than the pain from joint replacement and back surgeries.

4. Admit to the content of the document but deny that Plaintiff reported those words to her physician. Deny that plaintiff had any understanding that the Bard IVC filter, specifically, was causing her pain. *Id., generally.*

5. Deny that Plaintiff had an understanding that her filter was the medical cause of her pain. *Id., generally.*

6. Admit.

7. Admit.

## ARGUMENT

1. ***Legal Standard***

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

3

matter of law." F.R.C.P. 56(a); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir. 1990). In applying the standard, the Court must examine "the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Id.* A dispute is "genuine" if there is sufficient evidence for a rational trier of fact to resolve it either way. *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir.2016).

Specific to this motion, "[t]he statute of limitations is an affirmative defense, so the defendant [moving for summary judgment] bears the burden of demonstrating that there is no material fact in dispute on the issue of whether the statute of limitations bars the claim." *Robert L. Kroenlein Trust ex rel. Alden v. Kirchhefer*, 764 F.3d 1268, 1274 (10th Cir.2014) (citations omitted).

2. ***Plaintiff's Claims were Brought within Two Years of Discovery.***

Defendants are correct to concede that "[i]n cases involving personal injury, [the Colorado] supreme court has held that a plaintiff's claim for relief accrues <u>on the date the fact of injury and its cause are known or should have been known</u>." *Taylor v. Goldsmith*, 870 P.2d 1264, 1266 (Colo. App. 1994) (emphasis added). Plaintiff did not know of her injury and that her Bard IVC filter caused it, nor should she have known, until she received a CT scan on February 28, 2019, and was told that her Bard IVC filter had perforated her vein. Her complaint filed February 25, 2021, is thus timely. C.R.S. § 13-80-106, -108(1).

> a. *A Reasonable Juror Could Conclude that Plaintiff did not Know the Cause of her Injury until 2019.*

In Colorado, "the statute of limitations begins to run when the claimant has knowledge of facts which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another." *Mastro v. Brodie*, 682 P.2d 1162, 1168 (Colo. 1984) (discussing medical malpractice; applied to medical products in *Pavelko v. Breg, Inc.*, No. 09-CV-01461-PAB-KMT, 2011 WL 782664, at *4 (D. Colo. Feb. 28, 2011).) Defendant fails to demonstrate that it is entitled to judgment as a matter of law. It does not show an absence of genuine dispute of material fact that, more than two years before February 25, 2021, 1) Plaintiff knew of her injury; and 2) Plaintiff knew it was caused by Defendants' wrongful conduct.

> i. *Plaintiff Discovered the Cause of Her Injury on February 28, 2019, Less than Two Years Before She Filed.*

Plaintiff was not aware of the nature and extent of her injury or its cause until, at the earliest, February 28, 2019. On that date, she underwent a CT scan in Alaska. Exhibit 1, ¶ 9; Exhibit 2. The interpreting radiologist, Dr. Scott Drummond, wrote "Infrarenal inferior vena cava filter aligned along the axis of the inferior vena cava with numerous limbs that project extraluminally, one of which contacts the anterior L3-L4 disc space of unknown clinical significance." Exhibit 2.

Defendant relies on Norris to argue that Plaintiff had an obligation to investigate when she noticed something was wrong. ECF 43, p. 5; quoting *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 888 (10th Cir. 2005). *Norris* is

5

distinguishable because the plaintiff in *Norris* "had actual knowledge that a particular defective device caused her injuries." *Bogdan v. Zimmer, Inc.*, No. CIVA 3:02CV637 JCH, 2006 WL 2949281, at *4 (D. Conn. Oct. 16, 2006), citing *Norris*, 973 F.2d at 888. In *Norris*, a case involving breast implants, the plaintiff "felt something was not 'normal' in her right breast" and admitted "that her doctor told her that he believed that her implants were causing the problem," in 1978. *Norris*, 397 F.2d at 888. She also had the implants removed and replaced with a different product and admitted there was scarring at the time of the removal surgery that same year. The *Norris* court found that she had an obligation to investigate at the time she became aware of these facts in 1978 and that her case, filed in 1991, was too late. *Id.* Here, in contrast, Plaintiff did not know her Bard IVC filter was causing her pain until she had the CT scan on February 28, 2019. Exhibit 1, ¶ 9. In her sworn Plaintiff Fact Sheet, she stated that no one recommended she get the IVC filter removed until Dr. Robert P. Allen did so on July 3, 2019. ECF 43-2, p. 9. Using *Norris* as the standard, Plaintiff's claim accrued no earlier than February 28, 2019, and possibly as late as July 3, 2019. Either way, her complaint, filed on February 25, 2021, was timely.

> ii. *Receiving the Benefit of All Inferences, Plaintiff's Claims Survive.*

In contravention of long-established law, Defendants ask the Court to give them the benefit of certain inferences. Because Plaintiff must be given the benefit of

all inferences, and Defendants motion lacks sufficient support without them, the Court should deny the motion.

Defendants cite ECF 43-2, p. 13, to support their contention that Plaintiff knew she was experiencing pain related to her Bard IVC filter in July 2013. However, the Plaintiff Fact Sheet only asks when she first experienced symptoms related to her injuries claimed in the lawsuit, not when she first attributed her injuries to the Bard IVC filter. It is reasonable to infer that the plaintiff recognized her pain related to the filter only after consultations with medical professionals in 2019, and that her response reflects this understanding. A reasonable juror could infer that Plaintiff is merely recognizing in hindsight that her pain from the Bard IVC filter started in July 2013. The Court may reasonably infer that Plaintiff only came to fully understand the cause of her pain after consultations with medical professionals in 2019 and as of September 6, 2022, she now recognizes that her pain began soon after the filter was implanted. ECF 43-2, p. 30.

Also, Defendants' contention that Plaintiff "reported to her physicians her belief that the Filter was causing her pain," is false. ECF 43, p. 5, referencing SOF ¶ 4, in turn referencing ECF 43-3. Even if the medical records accurately reflect a direct statement Plaintiff made to her physicians, there is no mention of causation in the medical records. ECF 43-3, p. 2. Additionally, the records reflect correlation between Plaintiff's pain and both her Bard IVC filter and her stent, not just the filter. A reasonable juror would conclude that Plaintiff lacked knowledge and

7

understanding of her injury and its cause as of the date of the medical records in ECF 43-3.

A reasonable juror could find that Plaintiff was not aware of the injury and its cause until she received a diagnosis from a doctor no earlier than February 28, 2019. Her claims, filed February 25, 2021, are therefore timely pursuant to C.R.S. § 13-80-106 and -108(1).

      b. 8,000 Other IVC Filter Injury Cases do not Trigger the Statute of Limitations; Nor does Hiring Counsel.

Bard makes two further arguments that the Court should ignore: Plaintiff should have been on notice of her injuries and their cause because first, Bard had already been sued over 8,000 times for injuries related to its defective IVC filters (ECF 43, p. 5-6) and second, that she hired of counsel. Bard cites no law or case in support of either of these arguments.

As a policy matter, the existence of other lawsuits should not trigger a duty to investigate or start the statute of limitations running. Defendant does not argue that Plaintiff had actual notice of any of the 8,000 lawsuits alleging defects in Bard IVC filters nor does it argue that she should have been aware of them. Rather, it implies, without support, that the mere existence of 8,000 lawsuits alleging Bard manufactured a defective product should have been sufficient to make Plaintiff aware that the Bard IVC filter in her body was the cause of her pain. No law supports this argument.

Likewise, there is no case law, and Defendant cites none, to support the argument that hiring an attorney triggers the statute of limitations on a claim. Defendant cites no case and presents no facts to support its bare contention that Plaintiff hired counsel because she knew of her injury and its cause. When asked at deposition, however, "what events led you to retain your attorneys in October, 2018," Plaintiff responded, "I don't remember." ECF 43-1, 9:4-6. This argument likewise attempts to undermine attorney-client privilege by forcing Plaintiff to disclose either what she told her attorneys or what they told her to defend against the accusation that she was aware that her Bard IVC filter injured her when she retained counsel.

Regardless of the policy arguments against the Court weighing these facts in its analysis, Defendants fail to cite to any case in which a court has found other lawsuits placed a lay person on notice of their own claim or her hiring of counsel triggering a statute of limitations.

3. ***Express and Implied Warranty Claims May Survive.***

Defendant incorrectly states the standard for accrual of warranty claims under Colorado law. This misstatement permits the Court to deny their motion with respect to Plaintiff's warranty claims because it failed to submit sufficient, undisputed facts to support its right to summary judgment under the proper standard.

"Although accrual ordinarily occurs when the goods are delivered, an exception exists when 'a warranty explicitly extends to future performance of the

goods and discovery of the breach must await the time of such performance.' If the exception applies, the claims accrue when the breaches were discovered or should have been discovered." *Leprino Foods Co. v. DCI, Inc.*, 727 F. App'x 464, 468 (10th Cir. 2018), quoting C.R.S. § 4-2-725(2). Defendant failed to provide the Court with any facts about its IVC filter warranty, let alone sufficient facts to show that the warranty does not extend to future performance of the IVC filter. Defendants bear the initial burden when asking for summary judgment based upon a statute of limitations defense. *Kirchhefer*, 764 F.3d at 1274. Because it failed to meet its initial burden, its request for summary judgment on Plaintiffs breach of warranty claims must be denied.

## CONCLUSION

Defendants failed to meet their burden; there remains a dispute of material fact with respect to when Plaintiff knew of should have known the cause of her pain. A reasonable juror could conclude from the evidence that she found out after the CT scan on February 28, 2019, making her February 25, 2021, complaint timely. Plaintiff's warranty claims survive because Defendants failed to provide the Court with sufficient, undisputed facts to show when its warranty expired. For these reasons, as discussed above, the Court should deny Defendants motion.

Dated this 2nd day of May 2023.

                                                    s/ *DJ Marcus*                .
Michael J. Ogborn, Atty. Reg. No. 20932
DJ. Marcus, Atty. Reg. No. 41189
OGBORN MIHM LLP
1700 Lincoln Street, Suite 2700
Denver, Colorado 80203
Phone: (303) 592-5900
Facsimile: (303) 592-5910
Emails: Mike.Ogborn@OMtrial.com
DJ.Marcus@OMtrial.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of May 2023, I electronically filed PLAINTIFF KAREN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and proposed order via CM/ECF system and also via electronic mail to counsel as referenced below:

Mark T. Clouatre, Esq. #29892
Blake A. Gansborg, Esq. #50585
Nelson Mullins Riley & Scarborough LLP-Denver
1400 Wewatta Street Suite 500
Denver, CO 80202
blake.gansborg@nelsonmullins.com

Matthew Brian Lerner
Nelson Mullins Riley & Scarborough LLP-Atlanta 201 17th Street, N.W.
Atlantic Station Suite 1700
Atlanta, GA 30363
Email: matthew.lerner@nelsonmullins.com

*Counsel for Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

                    /s/ *Julie Hill*
                    Julie A. Hill
                    Litigation Paralegal
                    OGBORN MIHM, LLP
                    1700 Lincoln Street, Suite 2700
                    Denver, Colorado 80203
                    Phone: (303) 592-5900